IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRANCIS EDWARD VEASEY,<br><br>    Plaintiff,<br><br>v.<br><br>MIKE FISHER, TOM CORBETT, JEFFERY BEARD, LOUIS S. FOLINO, DEAN GEEHING, CAPTAIN WINFIELD, LIEUTENANT TONY,<br><br>    Defendants. | Civil Action No. 07 - 1446<br><br>Chief District Judge Donetta W. Ambrose<br>Magistrate Judge Lisa Pupo Lenihan |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

I.        RECOMMENDATION

It is respectfully recommended that the Defendants' Motion to Dismiss or, in the alternative, Motion for Summary Judgment (doc. no. 15), treated as a motion for summary judgment (doc. no. 23), be granted.

II.       REPORT

Plaintiff, Francis Edward Veasey, is a prisoner presently confined at the State Correctional Institution at Fayette. He commenced the present action pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983 alleging irregularities in the handling of his mail. For the reasons that follow, Defendant's Motion should be granted.

A. Standard of Review

On December 10, 2007, the Court notified the parties that Defendants' Motion to Dismiss or, in the alternative, Motion for Summary Judgment (doc. no. 15), would be treated as a motion for summary judgment (doc. no. 23) and ordered Plaintiff to respond to the Defendants'

Motion for Summary Judgment limited solely to the issue of whether Plaintiff properly exhausted his administrative remedies through the grievance procedures set forth in DC-ADM 804. Plaintiff was ordered to file his response by January 11, 2008. To date, Plaintiff has failed to comply with the Court's order in that he has failed to respond to Defendants' assertion that he failed to exhaust his administrative remedies.

Pursuant to Fed. R. Civ. Proc. 56, summary judgment is appropriate if, drawing all inferences in favor of the non-moving party, the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. Rule Civ. Proc. 56(c). Summary judgment may be granted against a party who fails to adduce facts sufficient to establish the existence of any element essential to that party's case, and for which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986) (party can move for summary judgment by "pointing out to the district court that there is an absence of evidence to support the non-moving party's case."). The moving party bears the initial burden of identifying evidence that demonstrates the absence of a genuine issue of material fact. Once that burden has been met, the non-moving party must set forth ". . . specific facts showing that there is a genuine issue for trial . . ." or the factual record will be taken as presented by the moving party and judgment will be entered as a matter of law. Matsushita Elec. Ind. Co. v. Zenith Radio Corp., 475 U.S. 574 (1986). An issue is genuine only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). Stated another way, "[w]here the record taken as a whole could not lead a reasonable trier of fact to find for the non-moving party, there is no 'genuine issue for trial.' " Matsushita, at 587. The inquiry, then,

involves determining " 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.' " Brown v. Grabowski, 922 F.2d 1097, 1111 (3d Cir. 1990), *cert. denied*, 501 U.S. 1218 (1991) (quoting Anderson, 477 U.S. at 251-52). If a court concludes that "the evidence is merely colorable . . . or is not significantly probative," then summary judgment may be granted. Anderson, 477 U.S. at 249-50.

### B. Exhaustion of Administrative Remedies

In their Motion, Defendants move for summary judgment on the basis of Plaintiff's alleged failure to have exhausted his administrative remedies as required by the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996). In this regard, through the PLRA, Congress amended 42 U.S.C. § 1997e to prohibit prisoners from bringing an action with respect to prison conditions pursuant to 42 U.S.C. § 1983 or any other federal law, until such administrative remedies as are available are exhausted. Specifically, the act provides, in pertinent part, as follows.

> No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. § 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

The United States Court of Appeals for the Third Circuit analyzed the applicability of the exhaustion requirement in 42 U.S.C. § 1997e in Nyhuis v. Reno, 204 F.3d 65 (3d Cir. 2000) (Bivens action brought by a federal inmate) and Booth v. Churner, 206 F.3d 289 (3d Cir. 2000) (civil rights action brought by a state prisoner). In each of these cases, the Court of Appeals announced a bright line rule that inmate-plaintiffs must exhaust all available administrative remedies before

3

they can file an action in federal court concerning prison conditions. In so holding, the court specifically rejected the notion that there is ever a futility exception to section 1997e(a)'s mandatory exhaustion requirement. Booth, 206 F.3d at 300; Nyhuis, 204 F.3d at 66. A unanimous Supreme Court affirmed the Court of Appeals' holding in Booth v. Churner, 532 U.S. 731 (2001) where the Court confirmed that in the PLRA Congress mandated exhaustion of all available administrative remedies, regardless of the relief offered through those administrative procedures. In addition, in Porter v. Nussle, 534 U.S. 516 (2002), the Supreme Court clarified that the PLRA's exhaustion requirement applies to all inmate suits concerning prison life, whether they involve general circumstances or specific episodes and whether they allege excessive force or other conduct.

In their Motion, Defendants include a Declaration by Dorina Varner, Assistant Grievance Coordinator for the DOC (doc. no. 15-2). In her Declaration, Ms. Varner avers that inmate Veasey never exhausted a single grievance with regard to his inmate mail. Plaintiff has failed to respond to Defendants' Motion. The Federal Rules of Civil Procedure specifically provide as follows.

> (2) Opposing Party's Obligation to Respond. When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must--by affidavits or as otherwise provided in this rule--set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

Federal Rules of Civil Procedure Rule 56(e)(2).

When no opposition to a motion for summary judgment is filed and the moving papers are sufficient to show that no genuine issue of fact exists, the District Court may grant summary judgment. Here, the record provided by Defendants shows that Plaintiff failed to exhaust

his administrative remedies. Plaintiff has failed to submit any evidence to the contrary. Nor has he set forth any plausible explanation as to why he did not comply with the mandatory exhaustion requirement for his claim. Thus, the record before the Court does not demonstrate the existence of any disputed material fact with regards to whether Plaintiff exhausted his available administrative remedies. Consequently, Defendants' Motion for Summary Judgment should be granted. *Accord* Barton v. Patrick, 2007 WL 1811193, 4 (W.D.Pa. June 21, 2007) (court granted summary judgment where defendants relied on Declaration of Administrative Officer in the Grievance Review Office of the Department of Corrections to show that plaintiff failed to fully exhaust his administrative remedies); Brown v. Pennsylvania Dept. of Corrections, 2007 WL 654245, 3 (W.D.Pa. Feb. 26, 2007) (same).

III. CONCLUSION

Based on the discussion above, it is respectfully recommended that Defendant's Motion for Summary Judgment (doc. no. 15) be granted.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrate Judges, the parties are allowed ten (10) days from the date of service to file objections to this report and recommendation. Any party opposing the objections shall have ten (10) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

Lisa Pupo Lenihan
U.S. Magistrate Judge

Dated: April 8, 2008

cc:	The Honorable Donetta W. Ambrose
	United States District Judge, Chief

	Francis Edward Veasey, DL-2772
	S.C.I. at Fayette
	P.O. Box 9999
	LaBelle, PA 15450